Not Intended for Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DUDLEY SMITH**, | ) |
| | ) |
|     Petitioner, | ) Case No. 7:06CV00052 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
|     Respondent. | ) |

*Dudley Smith, pro se*

Petitioner Dudley Smith, a federal inmate, filed a pleading styled as a "Motion for Relief from Judgment of Denial of Motion Pursuant to 28 U.S.C. § 2255 Pursuant to Rule 60(b)(5)." Based on the nature of Smith's claims, I must construe the pleading as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). Because I find that Smith's current motion is successive, I must summarily dismiss this § 2255 motion.

Paragraph 8 of § 2255 prohibits this court from considering a second or successive § 2255 motion unless the petitioner produces specific certification from the United States Court of Appeals for the Fourth Circuit. A motion under Fed. R. Civ. P. 60(b) to revisit a federal habeas court's denial on the merits of a § 2255

motion should be dismissed as a successive habeas petition so as to prevent petitioners from using such a motion to circumvent the rule against successive petitions. *See Gonzales v. Crosby*, 125 S. Ct. 2641, 2649 (2005) (citing *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

In the instant motion, Smith requests re-sentencing based on the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Smith's *Booker* arguments are precisely the type of argument under Rule 60(b) that must be construed as a successive § 2255 motion, pursuant to *Gonzales. Id.* The court will not allow Smith to circumvent the successive petition bar to raise yet another attack on the criminal sentence by styling the pleading as a Rule 60(b) motion in a long-closed case.

Smith previously filed a § 2255 motion, Civil Action No. 7:01-CV-00796. Smith's current § 2255 motion, like the previous one, challenges the validity of Smith's conviction and/or sentence; thus, it is a successive motion. As Smith offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss the current action without prejudice.[1] A separate Final Order will be entered herewith.

---

[1] In addition, petitioner's claims under § 2255 fail for two alternative reasons. All of Smith's claims and the timeliness of the current motion rely on *Booker*. The United States Court of Appeals for the Fourth Circuit has held, however, that *Booker* does not apply

ENTER: January 25, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive). Smith's conviction and sentence became final on or about January 11, 2001, upon expiration of the opportunity to submit a petition for a writ of certiorari to the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Since Smith's conviction became final prior to the decision in *Booker*, *Booker* does not apply retroactively to this § 2255 motion for collateral review. In the alternative, *Booker* does not render the present motion timely under § 2255 para. 6(3), and it is clearly untimely under § 2255 para. 6(1).